**<u>EXHIBIT A</u>**

Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 5:17-cv-05963-NC |
| Plaintiff, | **DECLARATION OF GREG LANSKY IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |
| vs. | |
| JOHN DOE subscriber assigned IP address 73.252.213.89, | |
| Defendant. | Date: Wednesday, December 6, 2017<br>Time: 1:00 PM<br>Place: Courtroom 7 – 4th Floor<br>Honorable Nathanael M. Cousins |

[Remainder of page intentionally left blank]

1

Declaration of Greg Lansky in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

Case No. 5:17-cv-05963-NC

**EXHIBIT A**

# DECLARATION OF GREG LANSKY IN SUPPORT OF PLAINTIFF'S MOTIONFOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE

I, Greg Lansky, do hereby state and declare as follows:

1. I am a member of General Media Systems, LLC, the parent company that owns Strike 3 Holdings, LLC ("Strike 3"). I am the Chief Creative Officer of the *Blacked*, *Tushy*, and *Vixen* adult brands.

2. I have personal knowledge of all of the matters contained in this declaration and, if called and sworn as a witness, I can and competently will testify to all matters contained herein. This declaration is made in support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.

3. Strike 3 owns the intellectual property to the *Blacked*, *Tushy*, and *Vixen* adult brands, including the copyrights to each of the motion pictures distributed through *Blacked*, *Tushy* and *Vixen* and the trademarks to each of the brand names and logos. Strike 3 is owned entirely by our company General Media Systems, LLC and has existed since 2015.

4. I moved to the United States in 2006 from Paris, France to pursue my dream of creating art in an adult context. I have always been passionate about photography and cinematography.

5. It was a difficult start - I could barely speak English, and I had trouble making connections and finding employment. I struggled for several years to make a name for myself as a reliable photographer and director.

6. Eventually, after tremendous hard work, I was fortunate to be hired by some of the biggest adult brands in the world. Through these experiences, I was able to establish myself and become an expert in the field.

7. In 2013, I decided to risk everything to create my own company and studio. As a director, I felt the industry and I were not offering the best quality and experience possible. I felt I was not offering truly inspiring projects for performers to express their art.

1

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

8. At the time, the adult market was demoralized and it appeared that a high-quality, well produced, subscription based website would never succeed.

9. I can still remember when our company was just three people in my small home office.

10. We kept growing and after a few years our brands turned into a multi-million dollar a year business. We now have 20 million unique visitors to our websites per month and a loyal following.

11. Our company's philosophies are important.

12. We always strive to pay artists and models an amount above that being paid by other companies. Indeed, we are known for paying our performers the highest rates ever recorded. We give them the respect they deserve.

13. We focus on delivering to our subscribers and fans superior quality adult films and a wonderful customer experience. People thought we were crazy to think that people wanted to pay for expensive quality adult films and we were told that we were destined to fail. Now, we have a substantial and loyal customer base.

14. We provide jobs for nearly 60 people worldwide. We provide good benefits including health care coverage and have an extremely positive company culture.

15. Our movies are known for having the highest production budget of any in the industry. We invest in and utilize state of the art cinematic equipment. We film with Hollywood industry standards. And, as our subscriber base grows, we always seek to find ways to invest in value for our customers.

16. Because of this, we have a subscriber base that is one of the largest of any adult sites in the world.

17. We are also currently the number one seller of adult DVDs in the United States.

18. Our content is licensed throughout the world, including by most major cable networks.

19. Our success has not gone unnoticed. Indeed, we are very proud to state that our unique cinematic films have won many awards. It's humbling. Some of them include:

2

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

- Best marketing campaign – company image (AVN, 2016-2017)
- Best new studio (XBIZ, 2017)
- Best cinematography (AVN, 2016)
- Director of the Year (AVN, 2016-2017; XBIZ, 2017)
- Best membership website (AVN, 2016-2017)
- Adult site of the year – (XBIZ, 2015-2017)

20. We also are routinely featured in the mainstream media. Just in the past few months, Forbes,[1] The Daily Beast,[2] and CBC Radio[3] have all done substantial profiles on us.

21. We are proud of our impact on the industry. We have raised the bar - leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist. That is a testament to the entire team, the company we have built and the movies we create.

22. Unfortunately, piracy is a major threat to our company. We can compete in the industry, but we cannot compete when our content is stolen.

23. We have discovered that when we put videos online for paid members to view, it takes as little as four minutes to be downloaded on to torrent websites. We have attempted to identify the initial seeder but have found it impossible with the large volume of our subscriber base.

24. We put a tremendous amount of time, effort and creative energy into producing and distributing valuable content for our paid customers. It crushes us to see it being made available to anyone for free in just minutes.

---

[1] "How One Pornographer is Trying to Elevate Porn to Art," *Forbes* July 20, 2017 https://www.forbes.com/sites/susannahbreslin/2017/07/20/pornographer-greg-lansky-interview/#2301d3ae6593
[2] "Meet the Man Making Porn Great Again," *The Daily Beast*, February 18, 2017 http://www.thedailybeast.com/meet-the-man-making-porn-great-again
[3] "Porn-o-nomics: How one director is making a fortune by defying conventional wisdom," *CBC Radio*, February 24, 2017 http://www.cbc.ca/radio/day6/episode-326-sanctuary-cities-la-la-land-vs-jazz-hollywood-in-china-porn-o-nomics-and-more-1.3994160/porn-o-nomics-how-one-director-is-making-a-fortune-by-defying-conventional-wisdom-1.3994167

3

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

25. We are undeniably the most pirated adult content in the world.  Our movies are typically among the most pirated television shows and movies on major torrent websites.

26. We send on average 50,000 DMCA notices a month but it does virtually nothing to stop the rampant copyright infringement.

27. The only effective way to stop the piracy of our movies on BitTorrent networks is to file lawsuits like this one.

28. We believe a consumer's choice of what content to enjoy, whether it be adult entertainment or otherwise, is a personal one to that consumer and therefore it is our policy to keep confidential the identity of not only our subscribers, but even those we are pursuing for copyright infringement.

29. To continue to provide value for our members, exciting and inspiring projects for adult performers, and to continue to create jobs and growth in our community, we must protect our copyrights.

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Gregory Aouizerate a.k.a Greg Lansky

4

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

# **<u>EXHIBIT B</u>**

Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 73.252.213.89,<br><br>                Defendant. | Case Number: 5:17-cv-05963-NC<br><br>**DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>Date: Wednesday, December 6, 2017<br>Time: 1:00 PM<br>Place: Courtroom 7 – 4th Floor<br>Honorable Nathanael M. Cousins |

[Remainder of page intentionally left blank]

1

Declaration of Tobias Fieser in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

Case No. 5:17-cv-05963-NC

**EXHIBIT B**

**DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

I, Tobias Fieser, do hereby state and declare as follows:

1. My name is Tobias Fieser. I am over the age of 18 and am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I am employed by IPP International UG ("IPP"), a German company, in its litigation support department.

4. IPP provides forensic investigation services to copyright owners including an ability to track, monitor, and detect copyright infringement in an online environment. Strike 3 Holdings, LLC ("Strike 3") hired IPP to monitor and record online infringement of its movies.

5. One of the services that IPP provides is that its system monitors the BitTorrent file distribution network for the presence of copyrighted works. IPP's forensic software identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute copyrighted works within the BitTorrent File Distribution Network.

6. As part of my employment with IPP, I was assigned the task of overseeing, analyzing, and reviewing the results of this investigation. I have previously provided the same support for thousands of copyright infringement lawsuits across the United States, and I gave full and complete testimony about the forensic scanning process during the "BitTorrent Bellwether Trial" (*Malibu Media v. John Does*, 12-cv-2078, (E.D. Pa. Jan. 3, 2013)).

7. After reviewing IPP's forensic activity records, I determined that IPP's forensic servers connected to an electronic device using IP Address 73.252.213.89. After this connection, Defendant's IP Address of 73.252.213.89 was documented distributing to IPP's servers multiple pieces of Strike 3's copyrighted movies listed on Exhibit A to Strike 3's Complaint.

Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT B**

8. Each piece was recorded in a PCAP, which stands for "packet capture" and is a forensically sound interface for recording network traffic. The time recorded is quoted in Universal Time which correlates to the assignment logs kept by United States Internet Service Providers (ISPs) tracking which IP Address is assigned to which customer at a given point in time. The infringement appears consistent and on-going.

9. IPP's software additionally analyzed each BitTorrent "piece" distributed by Defendant's IP Address. It verified that reassembling the pieces using a specialized BitTorrent client results in a fully playable digital movie.

10. A digital file can be identified by what is called a "Cryptographic Hash Value." This concept was developed by the United States National Security Agency. IPP's software determined that the files being distributed by Defendant's IP Address have a unique identifier of the Cryptographic Hash outlined on Exhibit A.

11. IPP's software is programmed to only allow it to download files from the BitTorrent Network. It is unable to distribute content. At no point did IPP distribute any part of Strike 3's copyrighted movies at any time.

12. IPP additionally confirmed through its ancillary worldwide BitTorrent surveillance program that IP address 73.252.213.89 is associated with significant long term BitTorrent use.

**DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of October, 2017.

**TOBIAS FIESER**

By: _____

3

Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT B**

**EXHIBIT C**

| | |
|---|---|
| 1 | Lincoln D. Bandlow, Esq. (CA #170449) |
| | Fox Rothschild LLP |
| 2 | 10250 Constellation Blvd., Suite 900 |
| | Los Angeles, CA 90067 |
| 3 | Tel.: (310) 598-4150 |
| | Fax: (310) 556-9828 |
| 4 | lbandlow@foxrothschild.com |
| | *Attorneys for Plaintiff* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 5:17-cv-05963-NC |
| Plaintiff, | **DECLARATION OF JEFF FISCHBACH IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |
| vs. | |
| JOHN DOE subscriber assigned IP address 73.252.213.89, | |
| Defendant. | Date: Wednesday, December 6, 2017 |
| | Time: 1:00 PM |
| | Place: Courtroom 7 – 4th Floor |
| | Honorable Nathanael M. Cousins |

[Remainder of page intentionally left blank]

1

Declaration of Jeff Fischbach in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

Case No. 5:17-cv-05963-NC

**EXHIBIT C**

**DECLARATION OF JEFF M. FISCHBACH IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

I, Jeff M. Fischbach, do hereby state and declare as follows:

1. My name is Jeff M. Fischbach. I am over the age of 18 and I am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I am founder and President of SecondWave Information Systems, a technology consulting firm specializing in information systems and technology integration based out of Chatsworth, California.

4. Since 1994, I have served as a technology advisor to numerous professional organizations and corporations.

5. I have been engaged as a litigation consultant and Forensic Examiner, offering expert advice and oversight on matters involving computers, information systems, satellite and communications technologies.

6. I have also advised law enforcement, foreign government representatives, judges, lawyers and the press.

7. I have investigated and testified in dozens of cases involving use of Peer-to-Peer file-sharing technology, including but not limited to BitTorrent protocols.

8. I was retained by Strike 3 Holdings, LLC ("Strike 3") to individually analyze and retain forensic evidence captured by IPP International U.G. ("IPP").

9. I received a PCAP from IPP containing information relating to the transaction occurring on 09/02/2017 06:00:39 involving IP address 73.252.213.89.

10. I used a program called Wireshark to view the contents of the PCAP.

2

Declaration of Jeff M. Fischbach in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference

**EXHIBTI C**

11. I was able to confirm that IPP recorded the transaction with 73.252.213.89 at 09/02/2017 06:00:39.  The IP Address is owned by Comcast Cable (Comcast Cable Communications, LLC).

12. Based on my experience in similar cases, Defendant's ISP, Comcast Cable, is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 73.252.213.89 during the time of the alleged infringement. Indeed, a subpoena to an ISP is consistently used by civil plaintiffs and law enforcement to identify a subscriber of an IP address.

### DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  23rd  day of    October   , 201 7 .

**JEFF M. FISCHBACH**

By: _____

Declaration of Jeff M. Fischbach in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference

**EXHIBTI C**

**EXHIBIT D**

1  Lincoln D. Bandlow, Esq. (CA #170449)
   Fox Rothschild LLP
2  10250 Constellation Blvd., Suite 900
   Los Angeles, CA 90067
3  Tel.: (310) 598-4150
   Fax: (310) 556-9828
4  lbandlow@foxrothschild.com
   *Attorneys for Plaintiff*
5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11 | STRIKE 3 HOLDINGS, LLC,                | Case Number: 5:17-cv-05963-NC
12 |              Plaintiff,                 | **DECLARATION OF SUSAN B. STALZER IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**
13 | vs.                                     |
14 | JOHN DOE subscriber assigned IP address |
   | 73.252.213.89,                          |
15 |              Defendant.                 | Date: Wednesday, December 6, 2017
                                              Time: 1:00 PM
16                                            Place: Courtroom 7 – 4th Floor
                                              Honorable Nathanael M. Cousins
17

18

19

20

21              [Remainder of page intentionally left blank]

22

23

24

25

26

27
                                    1
28
   Declaration of Susan B. Stalzer in Support of Plaintiff's *Ex-Parte* Motion for Leave to Serve Subpoena
                         Prior to a Rule 26(f) Conference
                                                              Case No. 5:17-cv-05963-NC
                                 **EXHIBIT D**

**DECLARATION OF SUSAN B. STALZER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

I, Susan B. Stalzer, do hereby state and declare as follows:

1. My name is Susan B. Stalzer. I am over the age of 18 and am otherwise competent to make this declaration.

2. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3. I work for Strike 3 Holdings, LLC ("Strike 3") and review the content of their motion pictures.

4. I hold a Bachelor's degree and Master's degree in English from Oakland University.

5. I have a long history of working in the fine arts, with an emphasis on writing, including having served as an adjunct professor of composition and literature.

6. I am familiar with Strike 3's plight with online piracy and its determination to protect its copyrights.

7. I was tasked by Strike 3 with verifying that each infringing file identified as a motion picture owned by Strike 3 on torrent websites was in fact, either identical, strikingly similar or substantially similar to a motion picture in which Strike 3 owns a copyright.

8. IPP provided me with the infringing motion picture file for each of the file hashes listed on Exhibit A to Strike 3's Complaint.

9. I viewed each of the unauthorized motion pictures corresponding to the file hashes side by side with Strike 3's motion pictures, as published on the *Blacked*, *Tushy* and/or *Vixen* websites and enumerated on Exhibit A by their United States Copyright Office identification numbers.

10. Each digital media file, as identified by the file hash value, is a copy of Strike 3's corresponding motion picture and is identical, strikingly similar or substantially similar to the

2

Declaration of Susan B. Stalzer in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT D**

original work identified by their United States Copyright Office identification numbers on Exhibit A to the Complaint.

## DECLARATION

**PURSUANT TO 28 U.S.C. § 1746**, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20 day of October, 2017.

SUSAN B. STALZER

By: _____

3

Declaration of Susan B. Stalzer in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT D**